## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UBU/ELEMENTS, INC.,<br>900 Rutter Avenue<br>Forty Fort, PA 18704 | : <br> : <br> : <br> : |
| Plaintiff, | :    Case No.: _____ <br> : |
| v. | : <br> : |
| ELEMENTS PERSONAL CARE, INC.<br>1445 Burgoyne Road<br>Downingtown, PA 19335 | : <br> : <br> : <br> : |
| ELEMENTS PERSONAL CARE, LLC<br>1445 Burgoyne Road<br>Downingtown, PA 19335 | : <br> : <br> : <br> : |
| WARREN CHAMBERS<br>1445 Burgoyne Road<br>Downingtown, PA 19335, | : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## COMPLAINT

Plaintiff UBU/Elements, Inc. ("UBU/Elements"), by and through its undersigned counsel, hereby files this Complaint against Defendants Elements Personal Care, Inc., Elements Personal Care, LLC (together, "EPC") and Warren Chambers ("Chambers") (collectively, "Defendants"), and avers the following:

### INTRODUCTION AND BACKGROUND

1.    This is an action for federal trademark infringement, passing off, tortious interference with contract, and conversion. For several years, UBU/Elements and Mr. Chambers enjoyed a mutually beneficial and productive working relationship in connection with the marketing, promotion, and sale of magnesium-based anti-inflammatory products used to alleviate

bodily aches and discomfort and to aid in the recovery from physical activity and stress. Recently, however, Mr. Chambers and his company, EPC, have taken it upon themselves to sell their own versions of these products, but using the trademarks that UBU/Elements has duly registered and owns. Mr. Chambers has sold these products to UBU/Elements' long-established customers, interfering with these relationships, in an attempt to trade off of UBU/Elements' goodwill and reputation. Even more egregious, Mr. Chambers took – without any authorization – UBU/Elements' products, labels, and containers from its facilities. The labels that Mr. Chambers misappropriated were old and contained language that is incorrect and has not been approved for use by UBU/Elements. Mr. Chambers and EPC have been using these incorrect labels in the sale of their products, using UBU/Elements' trademarks. All of this conduct violates the Lanham Act and constitutes conversion under Pennsylvania law, and has and will continue to cause damage to UBU/Elements. Thus, UBU/Elements brings this action seeking monetary damages and injunctive relief to prevent further harm to its goodwill and reputation that it has worked hard to establish within the marketplace.

## THE PARTIES

2. UBU/Elements, Inc. is a Pennsylvania corporation, with its principal place of business located at 900 Rutter Ave., Forty Fort, PA 18704.

3. Upon information and belief, Elements Personal Care, Inc. is a Pennsylvania corporation, with its principal place of business located at 1445 Burgoyne Rd., Downingtown, PA 19335.

4. Upon information and belief, Elements Personal Care, LLC is a Pennsylvania limited liability company, with its principal place of business located at 1445 Burgoyne Rd.,

2

Downingtown, PA 19335.  Upon information and belief, all members of Elements Personal Care, LLC are likewise Pennsylvania residents.

5.     Upon information and belief, Warren Chambers is a citizen of Pennsylvania, residing at 1445 Burgoyne Rd., Downingtown, PA 19335.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction over this action under 28 U.S.C. Sections 1331 and 1338(a) for Defendants' violations of the Lanham Act.

7.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 over UBU/Elements' state law claims for conversion and tortious interference because they arise out of the same common nucleus of operative facts and are part of the same case or controversy as Plaintiff's Lanham Act claims.

8.     This Court has personal jurisdiction over the Defendants because they are citizens of the Commonwealth of Pennsylvania.  Mr. Chambers resides in Pennsylvania and EPC is a Pennsylvania corporation with its principal place of business here.

9.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1391 because a substantial part of the events giving rise to the claims occurred in the Eastern District of Pennsylvania, and Defendants expect, or reasonably should expect, their acts to have legal consequences in this judicial district.

## FACTUAL BACKGROUND

### I.     UBU/Elements' Business and Trademarks

10.     UBU/Elements is a leading manufacturer and retailer of magnesium-based anti-inflammatory products sold under the "After The Game" and "Magsoothium" brands.

3

11.     UBU/Elements' products are unique in their ability to enable the human body to recover more quickly from aches and discomfort that may result from physical activity.

12.     UBU/Elements is the exclusive owner of all rights, title, and interest to a federal trademark registration for the "After The Game" trademark, U.S. Reg. 3,733,672. See true and correct copies of the Registration Certificate and Abstract of Title attached hereto as Exhibit A.

13.     UBU/Elements is likewise the exclusive owner of all rights, title, and interest to a federal trademark registration for the "Magsoothium" trademark, U.S. Reg. 4,272,014. See a true and correct copy of the Registration Certificate attached hereto as Exhibit B.[1]

14.     The After the Game Mark has become incontestable based upon UBU/Elements filings in accordance with 15 U.S.C. § 1065, as accepted and acknowledged by the United States Patent and Trademark Office. See Exhibits A, B.

15.     UBU/Elements has adopted and used the Marks in connection with its magnesium based anti-inflammatory products. Plaintiff maintains priority rights in and to the Marks in connection with such products based upon its continuous and exclusive use of the Marks. As a result of Plaintiff's continuous and exclusive use, the Marks have become well-known and famous, including in the Commonwealth of Pennsylvania.

16.     UBU/Elements has expended a substantial amount of time, energy, and resources promoting and marketing its products under the Marks. As a result of its longstanding development, manufacturing, marketing, promotion, and provision and sale of products under the Marks, and its adherence to high standards of quality control, Plaintiff's products have been met with great public and trade acceptance.

---

[1] The "After The Game" and "Magsoothium" trademarks are hereinafter referred to as the "Marks."

4

**II.     Defendants' Business, Unauthorized Use of the Marks, and Conversion of Plaintiff's Property**

17.     Upon information and belief, EPC purports to offer similar products as UBU/Elements, including magnesium based anti-inflammatory products to alleviate aches and pains and to enhance recovery after physical activity and stress.

18.     In or around September 2015, UBU/Elements first discovered that Chambers and EPC were using the Marks in connection with magnesium based anti-inflammatory products (the "Infringing Products") and were soliciting Plaintiff's long-term customers and interfering with UBU/Elements' relationships with these customers.

19.     UBU/Elements also discovered that Mr. Chambers took from UBU/Elements' facilities old labels that contained incorrect labeling information that was not consistent with FDA guidelines.  These labels are no longer used by UBU/Elements and were set to be destroyed. Despite that, Mr. Chambers took the old labels without UBU/Elements' authorization or consent and has placed the incorrect labels on the Infringing Products and has used such incorrect labels in connection with the Marks for his and EPC's own gain.

20.     Chambers and EPC are each using the Marks in connection with the provision, sale, distribution, offering for sale, and advertising of magnesium based anti-inflammatory products, including, without limitation, the Infringing Products.

21.     As just one example, Chambers and EPC shipped Infringing Products to one of UBU/Elements' customers, which clearly display UBU/Elements' Marks. See true and correct copies of photographs of the Infringing Products attached hereto as Exhibit C.

22.     Likewise, UBU/Elements has discovered that other potential customers have been ordering the Infringing Products from Mr. Chambers without UBU/Elements' knowledge.

23. Moreover, Chambers and EPC are using incorrect labeling owned by UBU/Elements, which had been rejected by UBU/Elements and does not accurately reflect the product being sold, and attempting to pass off the Infringing Products as those manufactured and sold by UBU/Elements.

24. Chambers and EPC are offering for sale goods bearing the Marks through online websites, in-person solicitation, retail locations, product fairs, and telephone order lines.

25. Specifically, Chambers and EPC are offering for sale the Infringing Products bearing the Marks, thereby making an unambiguous reference to UBU/Elements' Marks in an effort to trade off of Plaintiff's goodwill in the Marks.

26. Chambers and EPC's adoption and use of the Marks violates UBU/Elements' rights in the Marks.

27. Chambers and EPC's use of the Marks wrongfully implies an affiliation between EPC and UBU/Elements, or sponsorship by UBU/Elements of EPC's goods.

28. Chambers and EPC's adoption and use of the Marks has caused, and is likely to continue to cause, confusion, mistake, and/or deception as to the source, association, affiliation, or sponsorship of the goods being offered.

29. Given the complete identity of the Marks used by the parties, ordinary customers will mistakenly believe that Defendants' goods are developed, manufactured, owned, sponsored, or approved by UBU/Elements.

30. Indeed, customers have already actually confused the Infringing Products with UBU/Elements' products. At least one customer called UBU/Elements seeking to re-order products provided by EPC on the mistaken belief that the products provided by EPC were the same as those sold by UBU/Elements.

6

31. Chambers and EPC's conduct was and is designed to trade upon the valuable goodwill and business reputation associated with the Marks and fostered by UBU/Elements.

32. Chambers and EPC's unauthorized conduct constitutes false designation of origin, false description, false representation, trademark infringement, misappropriation, and unfair competition, and has caused Plaintiff to suffer irreparable injuries for which it has no adequate remedy at law.

33. Chambers and EPC's actions in removing UBU/Elements' Property from UBU/Elements' facilities and thereafter using it to sell the Infringing Products constitutes the conversion of property rightfully owned by UBU/Elements.

34. All such conduct by Chambers and EPC was and continues to be in bad faith, willful, deliberate, and in knowing violation of the law.

35. Chambers and EPC's actions are unlawful and have caused UBU/Elements damages, including, without limitation, monetary damages as well as damage to goodwill and reputation, which are very difficult to calculate.

36. Accordingly, UBU/Elements will be irreparably injured if Chambers and EPC's unlawful acts are allowed to continue.

## COUNT I
### Violation of Lanham Act, 15 U.S.C. § 1114
### Infringement of a Federally-Registered Trademark

37. Plaintiff realleges and incorporates by reference the averments contained in Paragraphs 1 through 31 as if fully set forth herein.

38. Chambers and EPC's actions are unlawful and have caused UBU/Elements damages, including, without limitation, monetary damages as well as damage to goodwill and reputation, which are very difficult to calculate.

7

39.     These actions infringe UBU/Elements' incontestable rights in the After the Game Mark as well as the Magsoothium Mark and their registrations, and have caused, and are likely to continue to cause, consumer confusion, mistake, or deception as to the source, origin, sponsorship, or approval of Chambers' and EPC's goods.

40.     Chambers and EPC's have misled, and are likely to continue to mislead, prospective purchasers as to the affiliation, connection, or association of Chambers and EPC's or their goods with UBU/Elements or UBU/Elements' goods.

41.     Chambers and EPC's have knowingly advertised and offered the Infringing Products in commerce with knowledge of the falsity and misleading effect of their use of the Marks.

42.     By reason of Chambers and EPC's acts, UBU/Elements has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill, and will sustain loss of revenues and profits in an amount not yet calculated.

43.     Unless enjoined by this Court, Chambers and EPC will continue to perform the unlawful acts complained of herein and cause continuing damages and injuries, all to UBU/Element's immediate and irreparable harm.

44.     UBU/Elements has no adequate remedy at law for Chambers and EPC's unlawful acts and is entitled to preliminary and permanent injunctive relief.

### COUNT II
### Violation of Lanham Act, 15 U.S.C. § 1125(A)
### False Designation of Origin,
### False Description, and False Representation

45.     UBU/Elements realleges and incorporates by reference the averments contained in the preceding paragraphs as if fully set forth herein.

8

46.     UBU/Elements is the exclusive owner of the Marks for use in connection with magnesium based anti-inflammatory products. See Exhibits A, B.

47.     Goods offered under the Marks are widely recognized as originating with UBU/Elements.

48.     Chambers and EPC's unauthorized use of the Marks constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact that Chambers and EPC's goods originate with, are sponsored by, or approved by UBU/Elements, or that Chambers and EPC's goods are affiliated with, connected to, or associated with UBU/Elements.

49.     Chambers and EPC have used the Marks in connection with goods that bear unlawfully converted and improper labeling, which was not approved or authorized by UBU/Elements.  The use of incorrect and improper labeling bearing the Marks is also a direct violation of the Lanham Act and has caused and will continue to cause damages to UBU/Elements.

50.     Chambers and EPC's use of the Marks has caused, and is likely to continue to cause, consumer confusion to the detriment of UBU/Elements in violation of the Lanham Act, 15 U.S.C. § 1125(a).

51.     As a result of Chambers and EPC's conduct, UBU/Elements has suffered and continues to suffer irreparable damage.

52.     UBU/Elements has no adequate remedy at law and is therefore entitled to preliminary and permanent injunctive relief.

53.     Chambers and EPC's actions are unlawful and have caused damage to UBU/Elements.

## COUNT III
### Conversion

54.     UBU/Elements realleges and incorporates by reference the averments contained in the preceding paragraphs as if fully set forth herein.

55.     UBU/Elements is the exclusive owner of the Property.

56.     Chambers and EPC unlawfully exercised dominion and control over the Property for their own pecuniary profit and gain to the detriment of UBU/Elements' interest in the Property.

57.     Therefore, Chambers and EPC have unlawfully interfered with UBU/Elements' rightful ownership of the Property.

58.     Chambers' unlawful removal of the Property from UBU/Elements' facilities and Chambers and EPC's subsequent sale of the Infringing Products using the Property constitutes conversion under Pennsylvania law.

59.     As a result of Defendants' conversion, UBU/Elements has suffered damages.

## COUNT IV
### Tortious Interference with Business Relationships

60.     UBU/Elements realleges and incorporates by reference the averments contained in the preceding paragraphs as if fully set forth herein.

61.     UBU/Elements has contracts and ongoing business relationships with each of its customers for the sale of products using the Marks.

62.     Furthermore, UBU/Elements has prospective contractual relationships with each of its longstanding customers because many customers re-order the products in regular intervals.

63.     As a result of Defendants' improper, unjust, and unlawful interference with UBU/Elements' relationship with its customers, however, UBU/Elements lost a substantial

10

amount of business and related goodwill, in which it has expended a substantial amount of resources to develop.

64.     This loss of business and goodwill is a direct result of Defendants' intentional and purposeful actions in converting UBU/Elements' Property to sell the Infringing Products and unlawfully using the Marks without any privilege or justification.

65.     As a direct and proximate result of Defendants' unlawful, malicious, and outrageous actions, UBU/Elements sustained, and continues to sustain, substantial damages in the form of lost profit and related goodwill.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays that:

A.     Judgment be entered in favor of Plaintiff and against Defendants as to each of the above Counts;

B.     Defendants pay damages incurred by Plaintiff as a result of the trademark infringement, unfair competition, and conversion perpetrated by Defendants, including punitive damages and, in the case of Defendants' violation of 15 U.S.C. § 1114(a)(1), treble damages or treble profits, whichever is greater;

C.     An accounting be ordered to determine the profits by Defendants due to the unauthorized use of the Marks;

D.     Defendants and any of their officers, directors, agents, servants, employees, representatives, successors, assigns, attorneys, licensees, distributors, and all persons in active concern or participation with Defendants be enjoined from directly or indirectly:

    i.  using Plaintiff's Marks or any confusingly similar designation, alone or in combination with other words, as a trademark, service mark or trade name

11

to identify, market, distribute, advertise, promote, to offer for sale or to provide any apparel, accessories, or related goods or services;

ii.     otherwise infringing Plaintiff's Marks; and

iii.    continuing acts of false designation of origin or unfair trade practices herein complained of, or doing any acts that may cause Defendants' goods to be mistaken for, confused with, or passed off as Plaintiff's goods.

E.     Defendants be directed to file with this Court and to serve on Plaintiff within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

F.     Defendants be required to deliver up for destruction all goods, signs, packaging, literature, advertising and other materials bearing the Mark or any confusingly similar name or mark, or colorable imitation thereof, used in connection with Defendants' goods;

G.     Defendants be required to recall all products bearing the Marks that contain mislabeled products as described in paragraph 18.

H.     Defendants be required to remove the Plaintiff's Mark and any confusingly similar name or mark from their website(s), HTML code, search engine query terms, and any other electronic communications hosts, links, and devices;

I.     Defendants be ordered to pay costs of this action, including attorney's fees incurred by Plaintiff in connection with Defendant's infringement; and

J.     Such other and further relief as this Court deems just and proper.

12

Respectfully submitted,

**BLANK ROME LLP**

Dated:  May 24, 2016                    By:  _____
                                            David M. Perry
                                            Leigh Ann Buziak
                                            Jared M. DeBona
                                            One Logan Square
                                            130 N. 18th Street
                                            Philadelphia, PA 19103
                                            Tel.:  (215) 569-5500
                                            Fax:  (215) 569-5555

                                            *Attorneys for Plaintiff,*
                                            *UBU/Elements, Inc.*

# Exhibit A



United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 1**

**Serial #:** 77913063    **Filing Dt:** 04/13/2009    **Reg #:** 3733672    **Reg. Dt:** 01/05/2010

**Registrant:** Chambers, Warren

    **Mark:** AFTER THE GAME

**Assignment: 1**

**Reel/Frame:** 5776/0750    **Recorded:** 04/25/2016    **Pages:** 12

**Conveyance:** ASSET PURCHASE AGREEMENT

**Assignor:** AKA ELEMENTS PERSONAL CARE, WARREN CHAMBERS

    **Exec Dt:** 11/23/2011
    **Entity Type:** INDIVIDUAL
    **Citizenship:** UNITED STATES

**Assignee:** UBU/ELEMENTS, INC

    900 RUTTER AVE

    FORTY FORT, PENNSYLVANIA 18704

    **Entity Type:** CORPORATION
    **Citizenship:** PENNSYLVANIA

**Correspondent:** DAVID M. PERRY

    BLANK ROME LLP

    ONE LOGAN SQUARE, 8TH FLOOR

    PHILADELPHIA, PA 19103-6998

Search Results as of: 05/16/2016 11:17 AM

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.5

Web interface last modified: July 25, 2014 v.2.5

| .HOME : INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT



# United States of America

## United States Patent and Trademark Office

# After The Game

**Reg. No. 3,733,672**
Registered Jan. 5, 2010

**Int. Cl.: 3**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHAMBERS, WARREN (UNITED STATES INDIVIDUAL), AKA ELEMENTS PERSONAL CARE
NONE
1445 BURGOYNE ROAD
DOWNINGTOWN, PA 19335

FOR: NON-MEDICATED BODY SOAK AND FREEZABLE CRYSTALS USED TO AID IN THE REDUCTION OF PAIN, STIFFNESS OR SORENESS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 12-28-2006; IN COMMERCE 12-28-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-713,063, FILED 4-13-2009.

EUGENIA MARTIN, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# Exhibit B



# Magsoothium

**Reg. No. 4,272,014**
**Registered Jan. 8, 2013**

**Int. Cls.: 3 and 5**

**TRADEMARK**

**PRINCIPAL REGISTER**

UBU/ELEMENTS, INC (PENNSYLVANIA CORPORATION)
900 RUTTER AVE
FORTY FORT, PA 18704

FOR: NON-MEDICATED BODY SOAKS; NON-MEDICATED FOOT SOAKS; NON-MEDIC-
ATED SKIN CARE PREPARATION, NAMELY, BODY MIST; NON-MEDICATED SKIN CARE
PREPARATIONS , IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 7-18-2011; IN COMMERCE 9-13-2011.

FOR: ANTI-INFLAMMATORY OINTMENTS; ANTI-INFLAMMATORY SPRAYS; HERBAL
TOPICAL CREAMS, GELS, SALVES, SPRAYS, POWDER, BALMS, LINIMENT AND OINT-
MENTS FOR THE RELIEF OF ACHES AND PAIN; MUSCLE SOAKS; PREPARATION FOR
THE RELIEF OF PAIN; SPORTS CREAM FOR RELIEF OF PAIN; THERAPEUTIC SPRAY
TO SOOTH AND RELAX THE MUSCLES, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 7-18-2011; IN COMMERCE 9-13-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-631,564, FILED 5-22-2012.

SANJEEV VOHRA, EXAMINING ATTORNEY



David J. Kappos
Director of the United States Patent and Trademark Office

# Exhibit C

P
US POSTAGE AND FEES PAID
PRIORITY MAIL
Dec 15 2015
Mailed from ZIP 10065
Priority Mail Rate
Cubic .10 Zone 1
CID: 136603
Commercial Plus Pricing
endicia.com
071S00893913
PRIORITY MAIL 2-DAY
PAUL LABRECQUE NEW YORK
171 E 65TH STREET
NEW YORK NY 10065-6607
0004
Order: 2250
After The Game
GUEST 10 00:00 HOME 35
PERIOD 4
RECOVER FASTER AFTER THE GAME
Anti-Inflammatory Recovery Crystals
A.T.G. is trans-dermal and is capable of penetrating all layers of the skin allowing it to enter the bloodstream. This bio-availability or direct delivery system makes A.T.G. capable of aiding in the reduction and elimination of inflammation and swelling in soft tissue.
Tested By: Temple University School of Podiatric Medicine. This product has been tested on diabetic patients and found to be safe.
Caution: If prompt relief is not obtained or there is evidence of infection, stop use and consult with a physician. Hot or warm soaks should not be used by individuals with diabetes unless under the direction of a physician. Do not swallow. Not intended for internal use. Keep out of reach of children.
Directions: Dissolve entire contents into warm water and soak 30 minutes to one hour for extraordinary results. If tissue is swollen, dissolve A.T.G. in cold water and ice to aid in the reduction of swollen tissue. A.T.G. may be used as a massage by dissolving crystals in a paper cup and freezing. Use open side of cup and massage in circular motion to reduce swelling.
Ingredients: Magnesium
Magsoothium
Rub it in
Doctor Recommended
Magsoothium
4oz (113.4g)
Hypoallergenic



