**BLANK ROME LLP**
David M. Perry, Esquire
Leigh Ann Buziak, Esquire
Jared M. DeBona, Esquire
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
Email: Perry@blankrome.com
　　　　lbuziak@blankrome.com
　　　　DeBona@blankrome.com

*Attorneys for Plaintiff,*
*UBU/Elements, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UBU/ELEMENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELEMENTS PERSONAL CARE, INC., *et al*. <br><br> Defendants. | Case No.: 16-2559 |

**PLAINTIFF UBU/ELEMENTS, INC.'S ANSWER TO**
**DEFENDANTS' COUNTER-COMPLAINT**

Plaintiff UBU/Elements, Inc.'s ("Plaintiff" or ("UBU/Elements"), by and through its undersigned counsel, hereby answers the Counterclaims asserted by Defendants Elements Personal Care, Inc., Elements Personal Care, LLC, and Warren Chambers (collectively, "Defendants") and asserts as follows:

74. UBU/Elements re-alleges and incorporates by reference the averments contained in the paragraphs of its Complaint as if fully set forth herein.

75. Admitted in part and denied in part. It is admitted only that the parties entered into the Asset Purchase Agreement ("APA") on November 23, 2011. The remaining allegations and characterizations of this paragraph are denied. By way of further answer, the APA is a document that speaks for itself and any characterization thereof is denied.

76. Denied. The trademark Magsoothium was created and duly registered to UBU/Elements.

77. Denied. It is denied that Elements Personal Care, Inc. intended to purchase raw materials to produce "Magsoothium." On the contrary, Elements Personal Care, Inc. purchased certain raw materials, transported them to UBU/Elements and UBU/Elements purchased those raw materials pursuant to the terms of the APA on November 23, 2011.

78. Denied. It is denied that UBU/Elements only acquired packaging for the production run referred to in this paragraph. On the contrary, UBU/Elements acquired some of the raw materials for this production run as well.

79. Denied. UBU/Elements is without knowledge or information sufficient to form a belief as to the truth as to these allegations and therefore the same are denied.

80. Denied. UBU/Elements is without knowledge or information sufficient to form a belief as to the truth as to these allegations and therefore the same are denied.

81. Denied. Defendants sold and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

147891.00601/103154221v.1

82. Denied. UBU/Elements is without knowledge or information sufficient to form a belief as to the truth as to these allegations and therefore the same are denied.

83. Denied. Defendants sold and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game." By way of further response, the letters referenced in this paragraph are documents that speak for themselves and any characterization thereof is denied.

## COUNT I

### The Asset Purchase Agreement Is Void

84. Denied. The allegations of this paragraph contain legal conclusions to which no response is required. By way of further response, to the extent a further response is required, the APA is a fully enforceable contract.

85. Denied. The allegations of this paragraph contain legal conclusions to which no response is required. By way of further response, to the extent a further response is required, the APA is a fully enforceable contract, supported by consideration.

86. Denied. There is a draft of the APA and a final signed version of the APA, which do not differ in substance for the purposes of this lawsuit. By way of further answer, the closing occurred when all parties signed the APA.

## COUNT II

### Violation of Lanham Act U.S.C. § 1114
### Infringement of Counter-Plaintiff, Chambers', Federally-Register Trademark

87. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

88. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

89. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

90. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

91. Denied.

92. Denied. Defendants sold substantially of their assets, including product testimonials, and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

93. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

94. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

95. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

147891.00601/103154221v.1

96. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

97. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

## COUNT III

### Violation of Lanham Act U.S.C. § 1125(A)
### False Designation of Origin, False Designation, and False Representation
### Counter-Plaintiff, Chambers', Federally-Register Trademark

98. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

99. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

100. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

## COUNT IV

### Conversion

101. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

147891.00601/103154221v.1

102. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

103. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

104. Denied. Defendants sold substantially of their assets and assigned the trademark "After the Game" to UBU/Elements under the terms of the APA and UBU/Elements is the owner of the trademark "After the Game."

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaims are objectively baseless in that no reasonable litigant could expect success on the merits, and the action was brought for improper purposes.

### THIRD AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred in whole or in part because no acts or omissions by UBU/Elements are a factual or proximate cause to any injury or loss allegedly suffered by Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred by the doctrines of estoppel, release, waiver, and/or laches.

147891.00601/103154221v.1

## FIFTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by his failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

Defendants' damages, if any, were caused by his own conduct for which UBU/Elements is not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are not entitled to the relief requested as a matter of law.

## EIGHTH AFFIRMATIVE DEFENSE

At all relevant times, UBU/Elements was acting in good faith and with the purpose of enforcing its legal rights, to limit the irreparable harm caused by Defendants' conduct, and to recover damages as a result of such conduct.

## NINTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims and/or rights to declaratory and equitable relief are barred, in whole or in part, by the doctrine of unclean hands and/or their own improper conduct in relation to UBU/Elements in this matter.

## TENTH AFFIRMATIVE DEFENSE

Defendants sold substantially all of their assets to and assigned UBU/Elements the trademark "After the Game" pursuant to the plain terms of the Asset Purchase Agreement dated November 23, 2011.

147891.00601/103154221v.1

                                                  Respectfully submitted,

                                                  **BLANK ROME LLP**

Dated: July 25, 2016

                                                  David M. Perry, Esquire
                                                  Leigh Ann Buziak, Esquire
                                                  Jared M. DeBona, Esquire
                                                  One Logan Square
                                                  130 N. 18th Street
                                                  Philadelphia, PA 19103
                                                  Tel.: (215) 569-5500
                                                  Fax: (215) 569-5555
                                                  Email: Perry@blankrome.com
                                                             lbuziak@blankrome.com
                                                             DeBona@blankrome.com

                                                  *Attorneys for Plaintiff,*
                                                  *UBU/Elements, Inc.*

## **CERTIFICATE OF SERVICE**

I, Leigh Ann Buziak, Esquire, hereby certify that, on this 25th day of July, 2016, I caused to be served a true and correct copy of the foregoing Plaintiff's answers to Defendants Elements Personal Care, Inc., Elements Personal Care, LLC, and Warren Chambers Counterclaims upon the following:

Terry R. Clayton
Terry Clayton & Associates, P.C.
1402 Fifth Avenue North
Nashville, TN 37208

*Attorney for Defendants*
(*via* E-mail and Federal Express)

_____
LEIGH ANN BUZIAK